**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4602**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE SEBASTON CHAMBERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00174-TDS-1)

_____

Submitted:  May 28, 2026                                      Decided:  June 1, 2026

_____

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Todd Allen Smith, SMITH GILES, PLLC, Burlington, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Sebaston Chambers pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (2). The district court sentenced him to 24 months' imprisonment to be followed by one year of supervised release, which commenced in October 2024. In 2025, Chambers admitted to violating four terms of his supervised release by testing positive for marijuana use, failing to make timely restitution payments, failing to maintain full-time employment, and failing to report for drug screens. However, Chambers denied falsifying a urinalysis compliance card for his September 2025 drug screen; he asserted that he reported for the September 2025 drug screen. After conducting several hearings, the district court revoked Chambers's supervised release and sentenced him to nine months' imprisonment with no term of supervised release to follow.

Chambers now appeals, and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court erred in finding Chambers guilty of the fifth charged violation of his supervised release and whether his revocation sentence is reasonable. Chambers was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

"A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Id.* (internal quotation marks omitted). We review the

2

district court's revocation of supervised release for an abuse of discretion, evaluating its legal conclusions de novo and its factual determinations for clear error. *Id.*

Here, Chambers admitted four of the five charged violations. Based on the testimony before the district court, we conclude that the evidence was sufficient for the court to find that Chambers also violated the fifth charged violation by falsifying a urinalysis compliance card for a drug screen. Thus, we discern no abuse of discretion in the district court's decision to revoke Chambers's supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *Id.* at 436. We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C.

3

§ 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (internal quotation marks omitted). "A sentence within the Guidelines range is presumed on appeal to be substantively reasonable." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence. Based on the court's explanation for the sentence, the sentence is also substantively reasonable. We have reviewed the record and find no meritorious issues for appeal. We therefore affirm the revocation judgment.

This court requires that counsel inform Chambers, in writing, of the right to petition the Supreme Court of the United States for further review. If Chambers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chambers. We dispense with oral argument because

4

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*